1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY ALLEN ROBINSON,

11              Plaintiff,                    No. CIV S-12-0400 JAM CKD PS

12         vs.

13   SIERRA COLLEGE et al.,

14              Defendants.            ORDER AND
                                       FINDINGS AND RECOMMENDATIONS
15   _____/

16           This action was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant

17   to 28 U.S.C. § 636(b)(1).  Plaintiff, proceeding in this action pro se, has requested leave to

18   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(e)(2), the

19   court is directed to dismiss the case at any time if it determines the allegation of poverty is

20   untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be

21   granted, or seeks monetary relief against an immune defendant.

22           As an initial matter, the court notes that plaintiff's affidavit in support of the

23   application to proceed in forma pauperis is incomplete.  For example, despite indicating that he

24   has received money in the last twelve months from a business, profession, or other self-

25   employment, as well as from disability or workers compensation payments, plaintiff does not

26   state the amount received from each source and what he expects to continue to receive.  (See Dkt.

1   No. 2 at 1.)  Furthermore, he bizarrely lists his assets as "King of the South," "Morocco," "Saudi

2   Arabia," "Emperor of the world," and "In Torah, Jesus."  (Dkt. No. 2 at 2.)  Ordinarily, plaintiff

3   would be provided an opportunity to submit either the appropriate affidavit in support of a

4   request to proceed in forma pauperis or the appropriate filing fee.  However, as discussed below,

5   the court also finds that the action is frivolous and fails to state a claim on which relief may be

6   granted, and that leave to amend would be futile.

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13   Cir. 1989); Franklin, 745 F.2d at 1227.

14         To avoid dismissal for failure to state a claim, a complaint must contain more than

15   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a

16   cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

17   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

19   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

20   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

21   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

22   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

23   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

24   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

25   Rhodes, 416 U.S. 232, 236 (1974).

26   \\\\\

1    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

2  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

3  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

4  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

5  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

6    Here, plaintiff's complaint purports to state a claim under 42 U.S.C. § 1983

7  against defendant Telecare Corporation.  Plaintiff's sole allegations are that his religious liberty

8  was violated and that he was unlawfully detained by defendant Telecare Corporation without due

9  process, violating his substantive rights under the United States Constitution.  He requests that

10  the court lawfully detain him or release the "illegal detainer" by defendant Telecare Corporation.

11  The complaint contains no allegations regarding defendant Sierra College.  (See Dkt. No. 1 at 3.)

12    Plaintiff's claim under 42 U.S.C. § 1983 against defendant Telecare Corporation

13  is fatally deficient, because plaintiff does not allege state action.  The Civil Rights Act provides

14  as follows:

15    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
16    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
17    law, suit in equity, or other proper proceeding for redress....

18  42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that:  (1) defendant

19  was acting under color of state law at the time the complained of act was committed; and (2)

20  defendant's conduct deprived plaintiff of rights, privileges, or immunities secured by the

21  Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48

22  (1988).  Not only are the alleged constitutional violations entirely conclusory and unsupported by

23  any factual allegations, but plaintiff does not allege that defendant Telecare Corporation is a state

24  actor.  Nor does it appear that plaintiff can do so, consonant with the strictures of Federal Rule of

25  Civil Procedure 11, given that defendant Telecare Corporation is a private entity with no alleged

26  governmental nexus.

3

1       Additionally, any claim under 42 U.S.C. § 1983 against defendant Sierra College

2   is barred by the Eleventh Amendment.  As a California community college, it is a dependent

3   instrumentality of the State of California and cannot be sued in federal court.  See Cerrato v. San

4   Francisco Community College Dist., 26 F.3d 968, 972 (9th Cir. 1994) (citing Mitchell v. Los

5   Angeles Community College Dist., 861 F.2d 198 (9th Cir. 1988)); see also Young v. Reedley

6   Community College, 2012 WL 253213, at *4 (E.D. Cal. Jan. 26, 2012).

7       Although the court would ordinarily grant a pro se plaintiff leave to amend, it does

8   not appear that the above-mentioned defects can be cured through further amendment.  Plaintiff's

9   complaint is patently frivolous, and leave to amend would be futile.

10      Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that

11  plaintiff's request to proceed in forma pauperis (dkt. no. 2) is denied.

12      IT IS ALSO HEREBY RECOMMENDED that:

13      1.  The action be dismissed with prejudice, and

14      2.  The case be closed.

15      These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17  days after being served with these findings and recommendations, plaintiff may file written

18  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

20  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

21  F.2d 1153 (9th Cir. 1991).

22   Dated: February 23, 2012

23

24  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

25  CKD/5
    Robinson.400.ifp-fr.wpd
26